IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JOHN MITCHELL, DENNIS E. MULQUEEN, and DENNIS S. MULQUEEN,<br><br>Plaintiffs,<br><br>vs.<br><br>FRANK T. SMITH III and John Does 1-10,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br><br><br>Case No. 1:08-CV-103 TS |

This matter is before the Court on Defendant's Motion to Dismiss, filed September 29, 2008. In his Motion, Defendant asks the Court to dismiss Plaintiffs' First, Second, Third, Fifth, Ninth, and Tenth Cause of Action for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Alternatively, Defendant asks the Court to require a definitive statement under Rule 12(e).

The case arises out of a real estate investment entered into by Plaintiffs and Defendant. In their complaint, and pertinent to the Motion currently before the Court, Plaintiffs allege that: (1) Defendant breached certain oral and written contracts; (2) Defendant breached the implied covenant of good faith and fair dealing by withholding material facts; (3) Plaintiffs are entitled to specific performance; (5) Plaintiffs are entitled to declaratory judgment; (9) Defendant fraudulently

misrepresented to Plaintiffs certain material facts; and (10) Plaintiffs are entitled to injunctive relief. Plaintiffs have stated that they wish to withdraw their request for injunctive relief, so the Court will grant the Motion to Dismiss the Tenth Cause of Action.

For the reasons stated below, the Court will deny Defendant's Motion.

I. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[1]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2]  All well-pleaded factual allegations in the Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3]  But, the court "need not accept conclusory allegations without supporting factual averments."[4]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]  Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[6]

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

II. DISCUSSION

Defendant's Motion to Dismiss is based upon the ambiguity of Plaintiffs' Complaint. Specifically, Defendant objects to the claim that "[b]etween 2006 and 2008, Plaintiffs and Defendant entered into a number of oral and written agreements, including real estate purchase agreements . . . ."[7] Defendant argues that this allegation is so ambiguous as to make filing a responsive pleading impossible. Moreover, Defendant argues that the allegation does not provide allegations regarding the formation of contracts, nor the content of those contracts. Specifically, Defendant argues that there is no allegation as to which alleged contractual obligations were in written contracts, and which were in oral contracts, and that application of the Statute of Frauds may preclude enforcement of oral contracts with regard to some of the alleged contractual obligations. Defendant argues that the claims must either be dismissed for failure to state a claim, or else that the Court should order Plaintiffs to offer a more definitive statement. Defendant also argues that Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing have not been supported by sufficient factual allegations, and that Plaintiffs' fraud claims have not been pled with sufficient specificity.

A.  MOTION TO DISMISS

    1.  Breach of Contract

Plaintiffs have raised a number of issues in their Complaint which rely on the existence of certain contracts between Plaintiffs and Defendant. Defendant argues that the contracts have not been sufficiently identified, and that any oral agreements would be unenforceable under the Statute of Frauds. Plaintiffs respond that they have alleged "multiple oral and written agreements, some of

---

[7]Docket No. 2, ¶ 18.

which were specifically identified [in the Complaint]."[8] Plaintiffs also respond that the dispute in not simply about real estate, but rather about the formation of a business entity, which is not covered by the Statute of Frauds.

The Court finds that Plaintiffs have met the relatively low threshold required at the motion to dismiss stage. "To state a claim under Fed. R. Civ. P. 8(a)(2), the plaintiff must offer a short statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[9] Plaintiffs have provided sufficient factual allegations to convince the Court that there is a reasonable likelihood that they will be able to muster factual support for their claims that agreements were entered into by Plaintiffs and Defendant. Plaintiffs have provided a time frame in which they allege that the agreements were made, and they allege the general nature of the obligations assumed by the parties.

The Court also finds that Plaintiffs' allegations regarding the contractual obligations of Defendant are sufficient to withstand Defendants' Motion to Dismiss with regard to the Utah Statute of Frauds.[10] Utah law requires that any contract for real property or any contract that cannot be performed within one year of the making of the agreement be in writing. Three written agreements are specifically alleged in the Complaint. Plaintiff also lists eleven obligations which Defendant allegedly agreed to in "a number of oral and written agreements, including real estate purchase agreements"[11] between 2006 and 2008. After review of these alleged obligations, the Court finds

---

[8]Docket No. 10 at 7.

[9]*United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1228 (10th Cir. 2003) (internal quotations omitted).

[10]Utah Code Ann. § 25-5-1 et seq.

[11]Docket No. 1, ¶ 18.

that they are not violative of the Statute of Frauds. While all of them relate to the purchase of real property by Plaintiffs, the agreements themselves are not for the sale of any interest in real property,[12] nor are any of them, by their terms, to be performed within one year of the making of the agreement.[13] There are a number of obligations which Defendant was required to fulfil prior to a date certain, but each of them could be complied with in less than a year, even if the terms allowed for a longer period of time.[14] There are other obligations alleged, which are precursors to a sale of real property, such as the selection process for lots to be purchased, and Defendant's obligations for work on the real property once purchased by Defendants. However, none of these alleged obligations, by their terms, define a sale of an interest in real property.

    2.    <u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>

Defendant argues that Plaintiffs fail to allege facts sufficient to support their second cause of action for breach of the implied covenant of good faith and fair dealing. Specifically, Defendant points to Plaintiffs' claim that Defendant breached the implied covenant by "purposefully and with full knowledge of the terms of the Agreements refus[ing] to provide Plaintiffs with the benefit of the Agreements and purposefully with[holding] or fail[ing] to disclose material facts regarding Phase II and the Agreements."[15] While these allegations are quite ambiguous, the Court finds that they are not so insubstantial, when taken jointly with the remainder of the Complaint, as to preclude

---

[12] Utah Code Ann. § 25-5-1.

[13] Utah Code Ann. § 25-5-4.

[14] *See MediaNews Group, Inc. v. McCarthey*, 432 F. Supp. 2d 1213, 1234 (D. Utah 2006) (holding a contract unenforceable under the Statute of Frauds when its terms precluded completion within a year).

[15] Docket No. 1, ¶ 64.

Defendant from filing an adequate responsive pleading. The Court also finds that there is a reasonable likelihood of Plaintiffs mustering factual support for their allegations, so the Motion to Dismiss will be denied as to Plaintiffs' second cause of action.

    3.    <u>Fraud</u>

In order to survive Defendant's Motion to Dismiss, Plaintiffs must allege fraud with particularity. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[16] "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."[17]

Plaintiffs have made numerous allegations regarding obligations allegedly accepted by Defendant during the negotiations for Phase II. While the two-year time span cited by Plaintiffs is cause for some concern, it was the time period during which negotiations between Plaintiffs and Defendant over Phase II were ongoing, and is therefore not too vague. They have also alleged the general content of the representations, that they were all made by Defendant Smith personally, that Plaintiffs only invested in Phase II because of those representations, and that the investment harmed them financially. Plaintiffs have met their burden for pleading under Fed.R.Civ.P. 9(b), and the Motion to Dismiss Plaintiffs' ninth cause of action should be denied.

---

[16]*Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[17]*United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

B.     MOTION FOR MORE DEFINITIVE STATEMENT

Defendant asks the Court to require Plaintiffs to provide more details regarding the unidentified agreements allegedly entered into between 2006 and 2008. The Court finds that Defendant is not entitled to a more definitive statement under Fed.R.Civ.P. 12(e). Rule 12(e) states that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Plaintiffs' Complaint is not so vague that Defendant cannot frame a responsive pleading, and Defendant's Motion for a More Definite Statement will be denied.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 8) is DENIED. Defendant's request, in the alternative, for a more definitive statement, is also denied.

DATED   December 18, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge