IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JOHN MITCHELL, DENNIS E. MULQUEEN, and DENNIS S. MULQUEEN,<br><br>    Plaintiffs,<br><br><br><br>        vs.<br><br><br>FRANK T. SMITH III, and JOHN DOES 1-10,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br><br><br><br>Case No. 1:08-CV-103 TS |

This matter is before the Court on Plaintiffs' Motion to Dismiss the portion of Defendant

Smith's Counterclaim which alleges a breach of fiduciary duty, filed January 23, 2009.[1]  The case

arises out of a real estate investment entered into by Plaintiffs and Defendant.  In his Counterclaim,

Defendant alleges, among other things, that "[a]s members of Elk's Ridge Phase II, LLC, Plaintiffs

owed Defendant fiduciary duties under Utah law."[2]  Defendant also alleges that Plaintiffs breached

their fiduciary duties and that Defendant was injured as a result.  Plaintiffs respond that Utah law

---

[1]Docket No. 16.

[2]Docket No. 15 at 5.

expressly precludes fiduciary duties on the party of Plaintiffs in the business relationship in question. For the reasons set forth below, the Court will grant Plaintiff's Motion.

## I.  STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[3]  A court may properly consider materials attached or referred to in the complaint in deciding a motion to dismiss, where the material's authenticity is not in dispute.[4]

Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[5] All well-pleaded factual allegations in the Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[6]  But, the court "need not accept conclusory allegations without supporting factual averments."[7]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]  Thus, "the

---

[3]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[4]*Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008) (quoting *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001)).

[5]*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[6]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[8]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[9]

## II.  BACKGROUND

Defendant, a licensed real estate agent doing business in Utah, and Plaintiffs, real estate investors, were involved in improving and developing the second phase of a real property development in Rich County, Utah known as Elk's Ridge.  In May 2007, Defendant formed Elk's Ridge Phase II Partners, LLC ("Phase II Partners"), and Plaintiffs and Defendant became members of Phase II Partners.  In June 2007, the Operating Agreement of Phase II Partners was signed by Defendant and Plaintiffs.

In the end, the development was unprofitable, and Plaintiffs filed suit against Defendant, claiming a number of contract violations and breaches of duty by Defendant.   Defendant counterclaimed, alleging, as well, a number of contract violations and breaches of duty by Plaintiffs.

## III.  DISCUSSION

Although not specifically delineated into causes of action, Defendant, as part of his Counterclaim, alleges a breach of fiduciary duty on the part of Plaintiffs, arising out of their membership in Phase II Partners.  Plaintiffs, however, point to Utah Code Ann. § 48-2c-807(3), which reads: "Unless otherwise provided in a company's articles of organization or operating agreement, a member of a manager-managed company who is not also a manager owes no fiduciary duties to the company or to the other members solely by reason of acting in the capacity of a member."

---

[9]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Attached to their Memorandum in Opposition,[10] Plaintiffs provide the organizational documents for Phase II Partners, which indicate that Phase II Partners is a manager-managed company and that none of the Plaintiffs are managers.  The Complaint and Counterclaim both reference the existence of Phase II Partners, and the Complaint specifically references the organizational documents.  Moreover, Defendant has not challenged the authenticity of the Phase II Partners documents provided by Plaintiffs.  The Court will therefore consider the organizational documents without transforming the motion into one for summary judgment.

Utah law clearly prohibits the presumption of fiduciary duties between members of a manager-managed limited liability company, and the organizational documents are also clear that Phase II Partners is a manager-managed limited liability company.  Moreover, neither party has identified any provision of the Phase II Partners organizational documents which would allow the presumption of fiduciary duties between members.  Because Defendant's Counterclaim relies solely upon Plaintiffs' status as members of Phase II Partners for the existence of fiduciary duties, and because Utah law prohibits such a finding based solely on membership, the Court finds that Defendant has failed to state a claim upon which relief may be granted.  Defendant's breach of fiduciary duty claim will therefore be dismissed.

IV.  CONCLUSION

It is therefore

---

[10]Docket no. 20.

4

ORDERED that Plaintiffs' Motion to Dismiss (Docket No. 16) is GRANTED.

DATED   March 31, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge