IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JOHN MITCHELL, DENNIS E. MULQUEEN, and DENNIS S. MULQUEEN,<br><br>Plaintiffs,<br><br>vs.<br><br>FRANK T. SMITH III, and John Does 1-10,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: RESCISSION OF 40+ ACRES CONTRACT<br><br><br><br>Case No. 1:08-CV-103 TS |

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment re: Rescission of 40+ Acres Contract.[1] Smith has not responded to the Motion. Plaintiffs argue that a land sale contract in which Smith sold land to Plaintiffs should be rescinded due to fraudulent statements by Smith that induced Plaintiffs to enter into the contract. Smith has not responded to

---

[1]Docket No. 52.

1

the Motion. The Court finds that Plaintiffs have presented sufficient evidence to warrant summary judgment in their favor.

## I. BACKGROUND

The facts of this case are more fully laid out in the Court's prior Order.[2] Only the facts necessary to this Order will be described below. Because the Motion is unopposed, the Court accepts as true, for purposes of this Motion, the facts as described in Plaintiffs' Statement of Undisputed Facts to the extent they are supported by citation to the record; the Court will view the facts in the light most favorable to the non-moving party.[3]

In 2006, Smith approached Dennis S. Mulqueen ("Mulqueen") with an offer to sell a 44-acre piece of property near Bear Lake, Utah. In the course of their negotiations, Smith stated the 44 acres: was adjacent to property the parties were currently developing; had ready access to utilities and other access required for development; had road access; had a great view of Bear Lake. Some, if not all, of these statements were made when Smith and Mulqueen visited the property. Without these representations, Plaintiffs would not have purchased the land.

Plaintiffs purchased the land. Subsequent to purchasing the land, Plaintiffs learned that nearly all of Smith's statements described above were false. The exception is the statement regarding a view of the lake, which is partially true—a small portion of the property has a lake view.

---

[2]Docket No. 49.

[3]*Sanchez-Figueroa v. Banco Popular de Puerto Rico*, 527 F.3d 209 (1st Cir. 2008) (citing *Aguilar-Carrasquillo v. Agosto-Alicea*, 445 F.3d 19, 25 (1st Cir. 2006)).

In purchasing the property, Mulqueen paid $150,000.00, Mitchell paid $200,000.00, and Dennis E. Mulqueen assumed a bank note of $650,000.00. In total, Plaintiffs paid $1 million to Smith for the property. From the time of purchase until the filing of their Motion, Plaintiffs had paid $143,179.17 in interest on the bank note and have paid $52,617.67 in principal on the bank note.

Smith verbally agreed to re-purchase the property and, on May 22, 2008, made a payment of $8,857.39 towards re-purchasing the property. He has failed to re-purchase the property.

Plaintiffs have not been able to develop or sell the property to a third party. The property remains in the same state as when it was purchased by Plaintiffs.

## II. LEGAL STANDARD

Rescission is a restitutionary remedy, based in equity, that is "designed, to the extent possible, to restore the parties to the position they occupied before the fraud or transaction."[4] "In the case of a rescission, the plaintiffs are entitled to be returned to the status quo and to recover the payments made on the contract, less the fair rental value of the [land] for the time they had possession thereof."[5]

Courts are not permitted to speculate as to fair rental value in cases involving the rescission of a land sale contract.[6] Where no evidence of fair rental value has been presented,

---

[4]*Borghetti v. Sys. & Computer Tech.*, 199 P.3d 907, 914 (Utah 2008) (citing *Breuer-Harrison, Inc. v. Combe*, 799 P.2d 716, 731 (Utah Ct. App. 1990)).

[5]*Dugan v. Jones*, 724 P.2d 955, 957 (Utah 1986) (citations omitted); *Anderson v. Doms*, 75 P.3d 925, 929-30 (Utah Ct. App. 2003) (collecting cases).

[6]*Anderson v. Doms*, 75 P.3d 925, 931 (Utah Ct. App. 2003).

and where the land is undeveloped and went unused during the time in question, no rental value should be charged to the party seeking rescission.[7]

III. DISCUSSION

The Court finds that rescission is an appropriate remedy in this matter and that the parties should be returned to the status quo. Thus, the Court orders, as an equitable matter, that the land sale contract between the parties is rescinded due to Smith's false representations that the land had ready access to roads and utilities and that development of the land would be a relatively simple matter.

The Court finds that Plaintiffs have not been able to put the land to any use that would justify charging them any rental value. Furthermore, any rental value would be speculative at this point because no evidence is before the Court as to the proper rental value of the undeveloped land.

Plaintiffs seek the return of the $1,000,000 they paid Smith for the land. They also seek the interest they have paid on the bank note, fees and costs, and prejudgment interest of 10%. As rescission is an equitable claim, the Court has some flexibility in determining what dollar amount will return Plaintiffs to the status quo.[8] If Plaintiffs were to receive the interest they have paid on the bank note and prejudgment interest, the result would be a duplicative award to Plaintiffs.

---

[7]*Id.* ("Other courts have refused an offset [for rental value] in rescission cases where nothing of value was received or there was no evidence of value.").

[8]*Id.* at 928 ("'How [the status quo] is to be accomplished, or indeed whether it can, *is a matter which is within the discretion of the trial court* under the facts as found to exist by the trier of fact.'" (alteration and emphasis in original) (quoting *ONG Int'l (U.S.A.) Inc. v. 11th Ave. Corp.*, 850 P.2d 447, 457 (Utah 1993)).

4

Consequently, a judgment shall be entered in the amount of $1,000,000, plus prejudgment interest at the rate of 10% from the date the transaction took place,[9] minus the $8,857.39 Smith paid Plaintiffs on May 22, 2008. However, the Court does not award Plaintiffs' their interest payments on the bank note or their fees and costs.

IV.  CONCLUSION

It is hereby

ORDERED that Plaintiffs' Motion for Partial Summary Judgment re: Rescission of 40+ Acres Contract (Docket No. 52) is GRANTED. Plaintiffs, or entities in their control, shall convey by quitclaim deed the 44 acres to Defendant. The Clerk of Court shall enter a monetary judgment in favor of Plaintiffs and against Smith as described above.

DATED   April 21, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9]*See id.* at 931 (stating that if a buyer had paid the full purchase price rather than had seller finance the purchase, then buyer "would have been entitled to prejudgment interest on that amount").