IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN MITCHELL, DENNIS E. MULQUEEN, and DENNIS S. MULQUEEN,<br><br>Plaintiffs,<br><br>vs.<br><br>FRANK T. SMITH III, and John Does 1-10,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON DAMAGES<br><br><br><br>Case No. 1:08-CV-103 TS |

On December 14, 2010, the Court granted Plaintiffs' Motion for Partial Summary Judgment. The Court thereby granted Plaintiffs' claims for breach of fiduciary duty, negligence, negligent misrepresentation, breach of contract by violating the implied covenant of good faith and fair dealing, and breach of contract regarding a promissory note signed by Smith and delivered to Plaintiff Dennis Mulqueen. The Court scheduled an evidentiary hearing for May 17, 2011, to determine the appropriate measure of damages to which Plaintiffs are entitled. At Plaintiffs request, the Court struck the damages hearing and announced it would determine the appropriate damages based on the briefs and affidavits submitted to the Court. Defendant did not oppose the underlying motion or the affidavits submitted by Plaintiffs supporting damages.

1

I.  DISCUSSION

A.	ELK RIDGE PHASE II PROPERTY

As noted, the Court previously found that Defendant breached his fiduciary duty, was negligent, made a negligent misrepresentation and committed a breach of contract by violating the implied covenant of good faith and fair dealing.  The Court made clear in its previous order that "Plaintiffs may recover equitable damages as well as tort damages."[1]  The Court therein held that "[i]t is clear that Smith's actions caused some damages to the Plaintiffs in that the value of the LLC property has decreased due to the foreclosure by Smith's creditor."[2]  And, "[f]urthermore, Plaintiffs may not have invested their funds had they known of the prior lien."[3]

Plaintiffs argue in their supplemental affidavits that their portion of the Elk Ridge Phase II property ("subject property") has been reduced in value from the total that they paid, $425,492.50, to a current value of $104,440.00.  This drop in value resulted in a loss to Plaintiffs of $321,052.50.  To support this calculation, Plaintiffs have submitted the report of a real estate appraiser indicating that the total current value of subject property is $280,000.00.[4]

Plaintiffs further assert that they "would never have invested [their] money in the [subject property] had [they] known that the [subject property] would not be sold over 5 years later, with no prospect of development or sale, or that the land was encumbered by the debt that Smith

---

[1]*See* Docket No. 49, at 14 (citing *Stevensen 3rd E., LC v. Watts*, 210 P.3d 977, 986-87 (Utah Ct. App. 2009)).

[2]*Id*. at 17-18.

[3]*Id*. at 18.

[4]*See* Docket No. 57.

failed to disclose."[5] For the foregoing reasons, Plaintiffs have requested that the Court grant recovery of the $425,492.50 they invested in the subject property, or, in the alternative, the $321,052.50 difference between the value in the property, together with prejudgment and post-judgment interest and attorney fees and costs.

The Court will award the equitable measure sought by Plaintiffs and allow recovery of the full amount invested, $425,492.50, in exchange for Plaintiffs' 37.3% share in the property. To recover, Plaintiffs must provide Defendant with a quitclaim deed to any and all rights in the Elk Ridge Phase II property.

    B.    PROMISSORY NOTE

Plaintiffs also seek to recover $16,465.75 for Defendants breach of a promissory note. The Court previously held that Defendant breached the contract referenced by the note, but refused to enter damages because Plaintiffs had failed to provide a breakdown to support an award in the amount of $16,465.75 as proper damages for the breach. Plaintiffs failed to provide a breakdown supporting this figure in their supplemental briefing. Thus, in accordance with the terms of the promissory note, the Court will award damages on this claim in the amount of $5,965.00. This amount includes $5,465.00 in interest for the year Defendant failed to pay on the note and a $500.00 late fee.

---

[5] Docket No. 56, at 2.

## II. CONCLUSION

It is therefore

ORDERED that the Clerk of the Court enter judgment on behalf of Plaintiffs and against Defendant on all claims. Plaintiffs are awarded $431,457.50 in damages. The amount of $425,492.50 in damages will be contingent upon Plaintiffs quitclaim of all rights in the Elk Ridge Phase II property. The Clerk of the Court is directed to close this case forthwith.

DATED   May 25, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge